UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No. **CV 22-06430 DMG (AS)** | Date October 27, 2022 |
| Title *Alex Vincent Quezada v. Raybon Johnson* | Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On September 6, 2022, Plaintiff instituted this action by filing a civil rights complaint and a request to proceed *in forma pauperis* ("IFP"). [Doc. ## 1, 2.] The Court screened Plaintiff's Complaint and reviewed his request, finding that the Complaint failed to state a claim upon which relief could be granted, Plaintiff had not filed the appropriate form to request to proceed IFP (including the declaration and authorization portion of the form), and the Court had not received Plaintiff's prison trust account statement.

Accordingly, on September 15, 2022, the Court entered an Order dismissing the Complaint with leave to amend and directing Plaintiff to complete the appropriate IFP form and to ensure that the Court received his prison trust account statement. [Doc. # 4.] The Court warned Plaintiff that failure to comply with the Order by October 17, 2022 could result in dismissal of this action without prejudice. *Id.* at 2. The Court also directed the Clerk to mail the Order and a blank copy of the appropriate IFP form to Plaintiff. *Id.* at 3. To date, Plaintiff has not complied with the Court's Order and has taken no further action to litigate this action.

Five factors apply when considering whether to dismiss an action for failure to prosecute or comply with a Court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors all weigh in favor of dismissal here. First, Plaintiff's failure to comply with the Court's directions in the September 15 Order indicates that the first two factors favor dismissal because Plaintiff does not intend to or cannot litigate this action diligently or comply with the Court's instructions. Dismissal at this stage will not prejudice the defendant. It does not appear that maintaining this action will result in a disposition on the merits, in light of Plaintiff's lack of prosecution. Finally, the Court has already attempted less drastic sanctions by issuing the September 15 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| Case No.  **CV 22-06430 DMG (AS)** | Date  October 27, 2022 |
| Title  *Alex Vincent Quezada v. Raybon Johnson* | Page  2 of 2 |

    The Court therefore **DISMISSES** this matter without prejudice for failure to prosecute and to comply with a court order.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.